QUESTION: Is the Board of Commissioners of the Cedar Hammock Fire Control District authorized to utilize district funds to purchase life and health insurance for district employees?
SUMMARY: The board of commissioners of the Cedar Hammock Fire Control District is not authorized by the district's enabling legislation to utilize district funds to purchase life or health insurance for district employees. Also, pending legislative or judicial clarification, the district should not be deemed to be within the purview of s. 112.12, F.S. Chapter 57-1546, Laws of Florida, as amended by Chs. 59-1537, 59- 1538, 61-2453, 65-1897, 71-759, 72-613, and 72-614, Laws of Florida, creates the Cedar Hammock Fire Control District (hereinafter referred to as the "district"). Section 8 of Ch. 57-1546 provides as follows: No funds of said District shall be used for any purpose other than the administration of the affairs and business of said District, for the construction, care, maintenance, upkeep, operation and purchase of fire fighting equipment or a fire station, installation of fire hydrants, payment of public utilities such as electric lights and water, payments of salaries of a Fire Marshal and one or more firemen, as the Board of Commissioners may from time to time determine to be for the best interests of the District. Consistent with the oft-stated rule that special districts possess only such powers as are expressly given or necessarily implied because essential to carry into effect those powers expressly granted, AGO 074-169 and authorities cited therein, it does not appear from the foregoing provision, or from any other provision of Ch. 57-1546, supra, as subsequently amended, that the district's board of commissioners is authorized, by the district's enabling legislation, to utilize district funds to purchase life or health insurance for district employees. Moreover, it was held in AGO 067-20 that the Monroe County Antimosquito District was not an agency of the county or a governmental unit or board of the state within the purview of s. 112.12, F.S. 1967, authorizing each "county, county board of public instruction, governmental unit, department, board or bureau, of this state" to pay the premiums for health or accident insurance under group insurance plans provided for their employees under the authority of s. 112.08, id. Although s. 112.12, id., has since been amended to change "county board of public instruction" to "school board," Ch. 69-300, Laws of Florida; to authorize the payment of life insurance premiums, Ch. 72-338, id.; and to further define health insurance, Ch. 74-139, id., no substantial change was made in the enumerated governmental agencies allowed to make such payments. Thus, in the instant situation, I am of the opinion that, pending legislative or judicial clarification, the district should not be
deemed to be within the purview of s. 112.12, F.S. Cf. AGO's 07332, 073-363, and 073-421. In sum, therefore, I cannot conclude that the district's board of commissioners is authorized either pursuant to its enabling legislation or general law, to use district funds to purchase life or health insurance for district employees.